UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

| | |
|---|---|
| ALESSI EQUIPMENT, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>AMERICAN PILEDRIVING EQUIPMENT, INC.<br><br>Defendant. | DOCKET NO.<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

---------------------------------------------------------------------x

Plaintiff Alessi Equipment, Inc. ("Alessi" or "Plaintiff"), by and through its attorneys, LAVALLEE LAW OFFICES, PLLC, as and for its Complaint against AMERICAN PILEDRIVING EQUIPMENT, INC. ("APE" or Defendant) hereby alleges as follows:

### THE NATURE OF THE ACTION/FACTUAL BACKGROUND

1. Plaintiff pursues this action for breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, an accounting, and specific performance against APE.

2. APE is the world's leader in research and development, production and sales of foundation construction equipment. APE produces the world's largest pile drivers, and has offices in every corner of the United States, Asia, and has distribution worldwide.

3. Beginning in or about 1996, APE agreed to have Plaintiff serve as its exclusive distributor in the Northeast whereby all equipment sales and replacement parts would be sold directly through Plaintiff regardless of whether a customer contacted APE directly at its corporate or regional offices (the "1996 Agreement").

4. In or about May 2012, Alessi and APE entered into the Distributor Agreement and Memorandum of Understanding ("the Distributor Agreement") wherein the agreement that

1

was entered into in 1996 was reaffirned. See Exhibit A, a true and correct copy of the May 27, 2012 Distributor Agreement.

5. Under the express terms of the Distributor Agreement, APE that Alessi would be "the exclusive distributor of the APE/J&M Robovib and APE/J&M line of excavator mounted equipment for the territory called the 'Northeast' which covers the same territory as APE Northeast." See Exhibit A.

6. In addition, Alessi agreed to "pay a 2% commission on any APE/J&M Robovib or excavator mounted equipment sold outside its exclusive territory an in return, APE agrees to direct all Robovib and excavator rentals and sales to Alessi Equipment as a first option." See Exhibit A.

7. Moreover, it was agreed that "[a]ny and all service and set up will be provided by Alessi" or Alessi "can pay APE's service department to provide services." See Exhibit A.

8. It was agreed that the agreement was "automatically renewable each year unless otherwise cancelled in writing." See Exhibit A.

9. APE further agreed "to two year cancellation period that must be in written form." See Exhibit A.

10. APE also agreed to "buy back of any support parts at 20% below initial sale price." See Exhibit A.

11. As of the date of this Complaint the Distribution Agreement was never cancelled, remains in full force and effect, and still binds the parties to the terms set forth therein.

12. Notwithstanding, APE has willfully and intentionally failed to perform its obligations
under this contract.

13. APE has willfully and intentionally breached its agreement with Alessi by failing to have Alessi act as the exclusive distributor in the Northeast territory.

14. APE has willfully and intentionally sold equipment covered under the Distributor Agreement directly to third-parties in the Northeast territory in contravention of the Distributor Agreement.

15. By way of example, on or about May 31, 2017 APE sold equipment to Moncon Inc, valued at 163,000.00. This sale was not through the Plaintiff as is required under the Distributor Agreement, and is a direct breach of that agreement. See Exhibit B.

16. In addition, upon information and belief APE has directly sold replacement parts to third-parties in the "Northeast territory" that should have been sold through Alessi as agreed to by the parties.

17. Upon information and belief APE has repeatedly violated the Distributor Agreement by failing to have Alessi serve as the exclusive distributor of the Northeast territory, by directly selling equipment and replacement parts to third-parties who should have been purchasing the equipment and replacement parts through Alessi.

18. These acts and breaches by Defendants have injured Plaintiff by preventing it from receiving the benefit of its bargain.

19. As a result, Plaintiff brings this action seeking breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, an accounting, and specific performance against APE.

## JURISDICTION AND VENUE

20. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.

21. Alessi is a resident of the State of New York, Westchester County within the jurisdiction of the United States District Court for the Southern District of New York.

22. APE is a resident of Washington State but routinely conducts business in New York including the sale and service of equipment.

3

## THE PARTIES

23. Plaintiff, Alessi is a New York Domestic Business Corporation with its principal place of business at 28 Rosyln Place, Mount Vernon, New York 10550.

24. Defendant, APE, is a Washington State registered corporation, with its principal place of business at 7032 South 196th Street Kent, WA 98032.

## FIRST CLAIM FOR RELIEF (Breach of Contract)

25. Plaintiff repeats and realleges paragraphs 1 through 24 above with the same force and effect as if fully set forth herein.

26. Plaintiff and Defendant entered into a valid and binding agreement in 1996.

27. Thereafter, Plaintiff and Defendant entered into a valid and binding Distributor Agreement in 2012.

28. Plaintiff has performed all of its obligations under the 1996 Agreement and the Distributor Agreement.

29. Defendant has materially breached the 1996 Agreement and the Distributor Agreement by, among other things: (1) failing to honor its obligation to have Alessi serve as the exclusive distributor in the Northeast territory as agreed to in the 1996 Agreement and as outlined in the Distributor Agreement; (2) directly selling equipment outlined in the Distributor Agreement to third-parties which should have been sold through Alessi as per the 1996 Agreement and the Distributor Agreement; (3) by failing to ensure that all replacement parts for equipment under the 1996 Agreement and the Distributor Agreement was sold through Alessi; (4) directly selling replacement parts for the equipment outlined in the Distributor Agreement to third-parties which should have been sold through Alessi as per the 1996 Agreement and the Distributor Agreement;  and (5) failing to provide Alessi information regarding the amount of equipment sold in the Northeast territory by APE or third-parties in contravention of the 1996 Agreement and the Distributor Agreement.

30. As a result of Defendant's numerous material breaches of the 1996 Agreement and the Distributor Agreement, Plaintiff has been damaged, which damages are the natural and proximate consequence of APE's breach of the 1996 Agreement and the Distributor Agreement, in an amount to be determined at trial, but believed to be no less than two million dollars.

## SECOND CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing)

31. Plaintiff repeats and realleges paragraphs 1 through 30 above with the same force and effect as if fully set forth herein.

32. Defendants agreed to abide by the terms of the 1996 Agreement and Distributor Agreement between Plaintiff and APE. Implied in this contractual relationship was Defendant's covenant of good faith and fair dealing.

33. Defendant's actions as set forth above breached this implied covenant of good faith and fair dealing.

34. Defendants' breaches are causing substantial and imminent harm and damage to Plaintiff.

35. As a result of Defendant's numerous material breaches of the 1996 Agreement and Distributor Agreement, Plaintiff has suffered significant damage, in an amount to be determined at trial, but no less than in an amount to be determined at trial, but believed to be no less than two million dollars.

## THIRD CLAIM FOR RELIEF
### (Accounting)

36. Plaintiff repeats and realleges paragraphs 1 through 35 above with the same force and effect as if fully set forth herein.

37. Plaintiff seeks a formal accounting of all APE's business sales for equipment, governed by the 1996 Agreement and the Distributor Agreement, made by Petitioner, by APE and/or other distributors for any of said equipment sold in the "Northeast territory" beginning

from 1996 until present to determine the extent of APE's actual breach of the Distributor Agreement.

36. Plaintiff seeks a formal accounting of all APE's business from the sale of replacement parts, governed by the 1996 Agreement and the Distributor Agreement, made by Petitioner, by APE and/or other distributors for any of said replacement parts sold in the "Northeast territory" beginning from 1996 until present to determine the extent of APE's actual breach of the 1996 Agreement and the Distributor Agreement.

### FIFTH CLAIM FOR RELIEF
### (Specific Performance)

37. Plaintiff repeats and realleges paragraphs 1 through 36 above with the same force and effect as if fully set forth herein.

38. The 1996 Agreement and the Distributor Agreement are valid and enforceable contracts between APE and Plaintiff.

39. Under the terms of the 1996 Agreement and Distributor Agreement, Plaintiff and Defendant made several valid and enforceable mutual agreements.

40. Plaintiff substantially performed its obligations under the 1996 Agreement and Distributor Agreement.

41. Upon information and belief, Defendant is able to continue to perform under the 1996 Agreement and the Distributor Agreement.

42. Plaintiff has suffered harm resulting from APE's refusal to adhere to the terms of the 1996 Agreement and the Distributor Agreement, for which there is no adequate remedy at law.

43. Plaintiff has demanded, and is entitled to, specific performance of APE's obligations under the 1996 Agreement and the Distributor Agreement.

## SIXTH CLAIM FOR RELIEF
(Unjust Enrichment)

44. Plaintiff repeats and realleges paragraphs 1 through 43 above with the same force and effect as if fully set forth herein.

45. In consideration for the 1996 Agreement and the Distributor Agreement, APE received business through the Plaintiff's efforts.

46. Plaintiff has wrongfully refused to abide by the terms of the 1996 Agreement and the Distributor Agreement with regard to allow Plaintiff to have the exclusive right to serve as the distributor in the Northeast territory, in violation of the 1996 Agreement and the Distributor Agreement. It would be unjust and inequitable to allow APE to benefit in this manner without remuneration to Plaintiff.

47. By reason of the foregoing, APE has been unjustly enriched at the expense of Plaintiff, and Plaintiff has suffered damages in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alessi Equipment, Inc. pray that this court:

a. Enter judgment in its favor for breach of contract, in an amount to be determined at trial, but believed to be no less than two million dollars.

b. Order an Accounting of all business conducted by and through APE in the Northeast territory;

c. Award the full costs of this action, including attorney's fees, costs and disbursements incurred by Plaintiff;

d. Award compensatory and punitive damages in an amount to be determined at trial;

e. Order Specific Performance of the Agreement; and

f. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: May 3, 2018
Farmingdale, New York

        Respectfully submitted,

        LAVALLEE LAW OFFICES PLLC

        By: _____
        Keith A. Lavallee, Esq.
        Kristopher M. Dennis, Esq. (of counsel)
4 WEST GATE
FARMINGDALE NY 11735
516 756 5100
516 756 4629 fax

To:    AMERICAN PILEDRIVING EQUIPMENT, INC.
        7032 South 196th Street
        Kent, WA 98032