UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALESSI EQUIPMENT, INC.,                              :
                              Plaintiff,             :
v.                                                   :          **<u>OPINION AND ORDER</u>**
                                                     :
AMERICAN PILEDRIVING EQUIPMENT,                      :          18 CV 3976 (VB)
INC.,                                                :
                              Defendant.             :
-----------------------------------------------------------------x

<u>Briccetti, J.</u>:

Plaintiff Alessi Equipment, Inc., brings this action against defendant American

Piledriving Equipment, Inc., asserting state law claims for breach of contract, breach of the

implied covenant of good faith and fair dealing, and unjust enrichment, and seeking an

accounting and specific performance in connection with the sale of heavy construction

equipment.

Before the Court is defendant's motion to dismiss the amended complaint pursuant to

Rule 12(b)(6). (Doc. #22).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN

PART.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded factual allegations in the amended complaint and draws all reasonable inferences in

plaintiff's favor, as summarized below.

This case concerns the sale of heavy construction equipment, specifically hydraulic

attachments for excavators for use in demolition, construction, and recycling projects. Plaintiff

procures hydraulic attachments from manufacturers, and sells and services the attachments for its customers. After one of plaintiff's suppliers ceased operating in the early 1990s, plaintiff approached defendant about manufacturing excavator-mounted equipment. Although defendant did not manufacture hydraulic attachments for excavators at that point, defendant began to develop this equipment with plaintiff's assistance.

The parties entered into agreements in 1996, 2004, and 2012, concerning the sale of hydraulic attachments generally and the sale of a specific hydraulic attachment called the Robovib.[1] The Robovib is an attachment designed to drive and extract sheet piles and beams. It enables an excavator operator to lift, carry, position, and drive piles in a continuous motion.

In 1996, the parties orally agreed plaintiff would serve as defendant's exclusive distributor in the northeast, United States, selling all equipment and replacement parts, regardless of whether the customer initially contacted plaintiff or defendant to purchase equipment.

In 2004, the parties set forth a written agreement for the sale of the Robovib. The agreement contained four relevant provisions: (i) plaintiff would be the defendant's exclusive Robovib supplier in the "Northeast USA" and a non-exclusive supplier elsewhere; (ii) plaintiff could purchase the Robovib at a twenty-five percent discount off the list price; (iii) plaintiff would handle all set up and service for the equipment plaintiff sold, releasing defendant from its service obligations; and (iv) plaintiff would pay a two percent commission to defendant on all sales. (Doc. #18 ("Am. Compl.") Ex. 1 at 1–3). The agreement noted generally that defendant "wish[ed] to channel the sales through [plaintiff] and in return avoid the service and set up. In addition, [defendant seeks] a single source to collect our invoices." (Id. at 2). The parties

---

[1] The parties inconsistently refer to the "Robovibe" and the "Robovib." The Court adopts the language of the 2004 agreement and refers to the equipment as the Robovib.

provided the agreement "until written in more detail and signed[,] will act as our only agreement."  (Id.).

In 2012, the parties entered into a Distributor Agreement and Memorandum of Understanding governing the Robovib and other excavator-mounted attachments.  (See Am. Comp. Ex. 2).  Under the 2012 agreement, plaintiff would be the exclusive distributor for defendant in the northeast.  (See id.).  Plaintiff agreed to pay defendant a two percent commission on equipment sold outside its exclusive territory.  Defendant agreed to direct all sales to plaintiff as a first option.  Plaintiff agreed to provide all set up and service for the equipment it sold or pay defendant directly for its installation and repair services.  Defendant also agreed to buy back any support parts at twenty percent below the initial sales price.  The agreement was "automatically renewable each year unless otherwise cancelled in writing" and subject "to a two year cancellation period that must be in written form."  (See id.).  The 2012 agreement was silent as to price and quantity, but plaintiff alleges the parties agreed the fee structure in the 2004 agreement would apply.

In May 2017, defendant sold equipment to a company called Moncon, Inc., valued at $163,000, within the northeast territory without plaintiff's involvement.  (Am. Compl. Ex. 3).  In addition to this sale, plaintiff alleges defendant made other similar sales, thereby breaching all three agreements by willfully and intentionally selling covered equipment and replacement parts directly to customers.

## DISCUSSION

I.  <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in <u>Ashcroft</u>

v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, a complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.    Breach of Contract

Plaintiff plausibly states a breach of contract claim based on the 1996, 2004, and 2012 agreements for the sale and distribution of defendant's excavator-mounted equipment.[2]

To state a claim for breach of contract, a plaintiff must allege the existence of an enforceable contract. Berman v. Sugo LLC, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).[3] At the

---

[2]    Plaintiff attached the 2004 and 2012 agreements to the complaint as Exhibits 1 and 2, respectively. The Court properly considers these agreements. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

[3]    Given that both parties rely on New York law in their submissions, the Court applies New York law to plaintiff's claims. Clarex Ltd. v. Natixis Sec. Am. LLC, 2013 WL 2631043, at *2 (S.D.N.Y. June 11, 2013) (noting the parties' assumption that New York law controls is implied consent to choice of law).

pleading stage, this requires a plaintiff to allege facts "relating to the formation of the contract, the date it took place, the contract's major terms, the parties to the contract, or [defendant's] assent to its terms." Id.; see also Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C., 455 F. App'x 102, 104 (2d Cir. 2012) (summary order). "The existence of a contract may also be established through the conduct of the parties recognizing the contract." Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc., 487 F.3d 89, 97 (2d Cir. 2007) (quoting Apex Oil Co. v. Vanguard Oil & Serv. Co., 760 F.2d 417, 422 (2d Cir. 1985)). "In determining whether the parties' conduct is consistent with the existence of a binding contract, it is necessary that the totality of all acts of the parties, their relationship and their objectives be considered." Id.

Plaintiff plausibly alleges facts concerning the formation and operation of an enforceable contract and a decade of conduct consistent with that contract. The 2004 and 2012 written agreements state the equipment available for sale, an objective method to determine the price of at least one piece of equipment (i.e., Robovib was sold to plaintiff for seventy-five percent of the list price), the discernible territory in which plaintiff would act as the exclusive distributor for the equipment, a definite commission paid by plaintiff to defendant for sales outside the exclusive territory, an agreement on installation and servicing, a contract renewal clause, and a contract termination procedure. Plaintiff also alleges ten years of the parties' conduct recognizing and abiding by the ongoing sales agreement, namely, in an affidavit by defendant's former president John White, who negotiated and signed both the 2004 and 2012 agreements. (Am. Compl. Ex. 4).

Defendant argues the Court cannot consider the terms of the 2004 agreement, because the 2012 agreement was the only agreement in force at the time of the alleged breach.

Even if the 2012 agreement was the only operative agreement, however, plaintiff has plausibly alleged the existence of a contract and all material terms based on the 2012 agreement and the parties' subsequent course of dealing with sufficient specificity to withstand a motion to dismiss. Accordingly, plaintiff's breach of contract claim survives.

III.    Unjust Enrichment Claim

Defendant argues plaintiff cannot proceed on theories of breach of contract and unjust enrichment.

The Court disagrees.

To state a claim for unjust enrichment under New York law, a plaintiff must allege that "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 458 (S.D.N.Y. 2016). While the existence of a contract generally bars recovery on the theory of unjust enrichment, see IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 142 (2009), courts in this district have routinely allowed plaintiffs to advance past the pleading stage on an alternative theory of unjust enrichment, Next Commc'ns, Inc. v. Viber Media, Inc., 2016 WL 1275659, at *8 (S.D.N.Y. Mar. 30, 2016).

Plaintiff alleged defendant sold equipment within plaintiff's sales exclusive territory and defendant benefitted at plaintiff's expense. Accordingly, plaintiff's unjust enrichment claim survives the motion to dismiss.

IV.    Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing.

"Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013) (internal quotation omitted). "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Id. (internal quotation omitted) (alteration in original). A court parsing a complaint that alleges both a breach of contract and a breach of implied covenant of good faith and fair dealing on the same facts should dismiss the claim for breach of implied covenant of good faith and fair dealing as redundant. Id.

Plaintiff's claim for the breach of the implied covenant of good faith and fair dealing merely restates its breach of contract claim. The crux of both claims is that defendant bypassed plaintiff to sell equipment in plaintiff's exclusive territory. Because plaintiff's claim is based upon the same facts and predicated on the same contractual terms as the plaintiff's breach of contract claim, it must be dismissed as duplicative.

V.      Accounting

Plaintiff also fails to state a claim for an accounting.

"Under New York law, a plaintiff seeking an accounting, which is an equitable remedy, must allege both a fiduciary relationship between the plaintiff and defendant and a breach of that fiduciary duty by the defendant." Soley v. Wasserman, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (quoting Bezuszka v. L.A. Models Inc., 2006 WL 770526, at *17 (S.D.N.Y. Mar. 24, 2006)). New York courts have generally described a fiduciary relationship "as one in which a party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge." NEM Re Receivables, LLC v. Fortress Re, Inc., 173 F. Supp. 3d 1, 6 (S.D.N.Y.

2016). "[P]arties in a contractual relationship do not ordinarily bear a fiduciary relationship to one another unless they specifically so agree." Id.

Here, plaintiff has not alleged a fiduciary relationship with defendant, and thus, fails to state a claim for accounting. Accordingly, plaintiff's claim for an accounting is dismissed.

VI.    Specific Performance

Finally, plaintiff fails to state a claim for specific performance.

Before a court may permit the "extraordinary equitable remedy of specific performance," the party seeking relief must demonstrate "that remedies at law are incomplete and inadequate to accomplish substantial justice." Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 262 (2d Cir. 2002). "In general, specific performance will not be ordered where money damages 'would be adequate to protect the expectation interest of the injured party.'" Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas, 2006 WL 1493132, at *8 (S.D.N.Y. May 31, 2006) (quoting Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y.2d 409, 415 (2001)).

While ordinarily the issue of whether damages would adequately compensate a plaintiff is inappropriate for resolution on a motion to dismiss the complaint, see Lia v. Saporito, 909 F. Supp. 2d 149, 169 (E.D.N.Y. 2012), aff'd, 541 F. App'x 71 (2d Cir. 2013), plaintiff has not alleged any reason why it should be entitled to specific performance or why money damages would be an inadequate remedy.

Accordingly, plaintiff's claim for specific performance is dismissed.

**CONCLUSION**

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, an accounting, and specific performance are dismissed. Plaintiff's claims for breach of contract, and in the alternative, unjust enrichment, may proceed.

The Clerk is directed to terminate the motion. (Doc. #22).

By March 5, 2019, defendant shall answer the amended complaint.

Dated: February 19, 2019
        White Plains, NY

                                        SO ORDERED:

                                        Vincent L. Briccetti
                                        United States District Judge