UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ALESSI EQUIPMENT, INC., :
              Plaintiff, :
v. :
  :
AMERICAN PILEDRIVING EQUIPMENT, : **OPINION AND ORDER**
INC., :
              Defendant. : 18 CV 3976 (VB)
--------------------------------------------------------------x
AMERICAN PILEDRIVING EQUIPMENT, :
INC., :
              Third-Party Plaintiff, :
v. :
  :
JOHN L. WHITE, :
              Third-Party Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Alessi Equipment, Inc. ("Alessi"), brings this action against defendant American Piledriving Equipment, Inc. ("APE"), asserting state law claims stemming from alleged agreements between the parties in 1996, 2004, and 2012. By Opinion and Order dated February 20, 2019, the Court allowed Alessi's claim for breach of contract, and in the alternative, unjust enrichment, to proceed to discovery. (Doc. #31).

      On April 16, 2019, APE filed its answer, counterclaims against plaintiff, and a third-party complaint against third-party defendant John L. White, APE's former president, who allegedly negotiated and signed two of the agreements at issue.

      Before the Court is White's motion to dismiss APE's third-party complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6). (Docs. ##46, 47).

      For the reasons set forth below, the motion is GRANTED.

1

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the third-party complaint and draws all reasonable inferences in APE's favor, as summarized below.

APE and White are both citizens of Washington State.

In 1992, APE was founded to develop, manufacture, sell, and lease heavy construction equipment. White was named its president.

In 2012, White allegedly "notified APE of his intention to resign from his position with APE, sell his shares in the company, and cease his employment with APE." (Doc. #36 ("Third Party Compl.") ¶ 16). In May 2012, during the final days of his tenure, White allegedly bound APE to an agreement with Alessi against the express instructions of Dan Collins, the incoming president. He resigned effective June 15, 2012.

Despite these instructions, APE alleges White, on APE's behalf, entered into an exclusive distribution agreement with Alessi, which precluded APE from directly selling or leasing some products in a certain territory. According to APE, White failed to seek approval or disclose the existence of this agreement. In doing so, APE alleges White breached his fiduciary duties to APE and benefitted personally.

## DISCUSSION

I. <u>Standard of Review</u>

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Prior to discovery, a plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations of

jurisdiction." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (internal citation omitted).

The Court must resolve the question of personal jurisdiction with reference to New York law, the forum in which the district court sits. Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015). CPLR Section 302(a), New York's long-arm statute, provides, in pertinent part, that "[a] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). To determine the existence of jurisdiction under Section 302(a)(1), "a court must decide (1) whether the defendant "transacts any business" in New York and, if so, (2) whether the cause of action "aris[es] from" such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (quoting Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 71 (2006)). "As for the second part of the test, a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Id. (quoting Henderson v. INS, 157 F.3d 106, 123 (2d Cir. 1998)). "A connection that is 'merely coincidental' is insufficient to support jurisdiction." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006) (citing Johnson v. Ward, 4 N.Y.3d 516, 520 (2005)). If the state's long-arm statute permits personal jurisdiction, the Court analyzes whether personal jurisdiction comports with constitutional due process. Eades v. Kennedy, PC Law Offices, 799 F.3d at 168.

II.  Personal Jurisdiction over White

White argues APE's complaint against him should be dismissed for lack of personal jurisdiction.[1]

The Court agrees.

Simply put, APE's claim against White does not arise out of activities in New York. As alleged, APE's claim against White arises from conduct in and contacts with Washington State, not New York. APE, a Washington corporation, brings this indemnification and contribution claim against White, its former president and Washington resident, for wrongfully entering into a contract in Washington, which was allegedly prohibited after a discussion in Washington, and purportedly concealed from colleagues in Washington, exposing APE to injury in Washington.

In short, APE's claim against White "arises not from a breach of the [contract with New York contacts] but from a breach of [his fiduciary duties to APE], which, it is conceded, had no connection with New York." See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d at 105 (first alternation in original). White could have breached these duties through unauthorized negotiations with a company from any state—that White allegedly did so with a New York-based company is "merely coincidental." See id. at 103; Johnson v. Ward, 4 N.Y.3d at 520.

APE's argument that the Court may exercise jurisdiction because of White's contacts with Alessi is unpersuasive.

---

[1] The Court does not reach White's argument that the Court lacks subject matter jurisdiction to hear APE's claims or that APE fails to state a claim, because a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999) (finding a court may determine personal jurisdiction before turning to subject matter jurisdiction).

Although the allegations may provide jurisdiction over White for a claim asserted by Alessi, a finding of jurisdiction in those circumstances has no bearing on APE's claim against White. Indeed, "the mere fact that other plaintiffs could bring suit . . . does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, 'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction.'" Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773, 1781 (2017) (quoting Walden v. Fiore, 571 U.S. 277, 286 (2014)).

Furthermore, New York courts have found that events that "trigger[ed]" a party's indemnification claim do not provide personal jurisdiction over an out-of-state defendant. Media Corp. of Am. v. Motif Mfg. Co., 524 F. Supp. 86, 87 (S.D.N.Y. 1981). For instance, in Media Corp. of America v. Motif Manufacturing Co., the court dismissed plaintiff's indemnification claim against an out-of-state defendant for lack of personal jurisdiction, because the out-of-state agreement between them did not arise from the parties' contacts with New York. 524 F. Supp. at 87. The court found that although "the underlying events that trigger[ed] the indemnification occur[red] in New York," those events did not provide sufficient contacts with New York for the purposes of personal jurisdiction. Id.; see also Yukos Capital S.A.R.L. v. Feldman, 2016 WL 1118754, at *1 (S.D.N.Y. Feb. 25, 2016) (dismissing for lack of personal jurisdiction, and noting Media Corp.'s "ruling was sound then, and it is sound now").

For these reasons, the Court finds it lacks personal jurisdiction over White in order to adjudicate APE's third-party indemnification and contribution claim against him.[2]

---

[2] Of course, this ruling does not prevent APE from bringing its claims against White in Washington State.

5

## CONCLUSION

The motion to dismiss the third-party complaint is GRANTED.

The Clerk is directed to terminate the motion (Docs. ##46, 47) and terminate third-party defendant John L. White.

Dated: September 13, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge