

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Memo Endorsed
*See Page 2*

www.pecklaw.com

**VIA ECF**

April 13, 2022

1325 Avenue of the Americas
10th Floor
New York, NY 10019
tel. 212.382.0909
fax 212.382.3456

Hon. Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

New York, NY
Los Angeles, CA
Oakland, CA
Washington, D.C.
Miami, FL
Chicago, IL
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX
Devon, PA

Re: ***Alessi Equipment, Inc. v. American Piledriving Equipment, Inc.***
<u>Case No.: 18-CV-03976</u>

Dear Judge McCarthy:

    We represent defendant American Piledriving Equipment, Inc. ("APE") in the above-referenced matter. On April 4, 2022, the parties submitted their joint pre-trial order. Subsection (v.) of the order required Plaintiff to submit "[a] statement of damages claimed, itemizing each component or element of the damages sought with respect to each claim, including the manner and method used to calculate the claimed damages." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

International Alliances

Beijing
Bogota
Buenos Aires
Guatemala City
Lima
London
Managua
Mexico City
Montevideo
Panama City
San Jose
Santiago
Sao Paulo

    Plaintiff provided the following inadequate statement:

Plaintiff seeks damages based on the failure of Defendant to direct all sales and rentals of the APE/J&M Robovib and APE/J&M line of excavator mounted equipment, Plaintiff's inability to sell and rent said equipment since 2017, APE's failure to provide the required discounts to Alessi on equipment and parts, which has resulted in damages to be determined at the time of trial but no less than $1.4 million dollars. These damages are based upon the agreed upon discount provided by APE to Alessi, Alessi's markups, lost sales, rentals of equipment and parts.

    Defendant objected to Plaintiff's statement of damages on the grounds that it failed to 1) specify the amount of damages claimed, 2) itemize each component or element of damages sought with respect to each claim, and 3) set forth the manner and method used to calculate the claimed damages.

    Defendant respectfully requests that Plaintiff be directed forthwith to supplement its Statement of Damages by providing the required information so that Defendant has proper notice of Plaintiff's claimed damages and can adequately


CONSTRULEGAL

# Peckar & Abramson

A Professional Corporation Attorneys & Counselors at Law

Hon. Judith C. McCarthy
April 13, 2022
Page 2

prepare its defense for trial. Otherwise, plaintiff should be precluded from introducing at trial evidence of its alleged damages. *Pilitz v. Inc. Vill. of Freeport*, 2020 U.S. Dist. LEXIS 221462 (S.D.N.Y. 2020); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 633(S.D.N.Y. 2005) (the district court precluded evidence of lost profits because Plaintiffs failed to "provide[] any specific computation of its alleged lost profits, nor any documents or other evidence on the basis of which such a computation could be made).

Respectfully submitted,

s/ Brian D. Waller
Brian D. Waller

cc:   Kristopher Dennis
      Counsel for Plaintiff, Alessi Equipment Inc.

---

**SO ORDERED:**

Plaintiff Alessi Equipment, Inc. ("Alessi") is hereby ordered to advise the Court, by April 21, 2022, why it should not order Alessi to immediately supplement its statement of damages on the grounds set forth above, or face preclusion of evidence relating thereto at trial. *See, e.g., Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 3:05-cv-01975-VLB, 2016 WL 1178051, at *7 -8 (D. Conn. Mar. 23, 2016); *Coleman v. City of Niagara Falls*, No. 09-CV-157S, 2015 WL 4208602, at *5 (W.D.N.Y. July 10, 2015); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293 (2d Cir. 2006); Fed. R. Civ. P. 26(a), (e).

_Judith C. McCarthy_   4-15-22
JUDITH C. McCARTHY
United States Magistrate Judge