UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALESSI EQUIPMENT, INC.,

                     Plaintiff,

      -against-

AMERICAN PILEDRIVING EQUIPMENT,
INC.,

                     Defendant.
--------------------------------------------------------X
AMERICAN PILEDRIVING EQUIPMENT, INC.,

                     Counterclaim-Plaintiff,

      -against-

ALESSI EQUIPMENT, INC.,

                     Counterclaim-Defendant.
--------------------------------------------------------X

**ORDER**

18 Civ. 3976 (JCM)

Trial is scheduled to begin on June 8, 2022.  Before the Court is Defendant and

Counterclaim-Plaintiff American Piledriving Equipment, Inc.'s ("APE") motion, dated April 13,

2022, to compel Plaintiff and Counterclaim-Defendant Alessi Equipment, Inc. ("Alessi") to

supplement its statement of damages in the parties' Joint Pretrial Order ("Pretrial Order"), or

face preclusion of evidence relating thereto at trial. (Docket No. 135; *see also* Docket No. 122).

On April 15, 2015, the Court directed Alessi to explain "why it should not [be] order[ed] . . . to

immediately supplement its statement of damages" or be subject to preclusion. (Docket No. 136).

Alessi opposed APE's motion on April 21, 2022 on the grounds that (1) it complied with its

disclosure obligations with respect to damages; and (2) preclusion is unwarranted because APE

failed to raise this issue in numerous discovery conferences before the Court. (Docket No. 140).

Alessi's response is unacceptable and misses the point. APE's objection relates to Alessi's duty to supplement its initial damages disclosures under Federal Rule of Civil Procedure 26(e), and its compliance with this Court's Pretrial Order—not the sufficiency of Alessi's initial disclosures themselves. Indeed, whereas Federal Rule of Civil Procedure 26(a)(1) requires automatic disclosure of "a computation of each category of damages claimed by the disclosing party," Fed. R. Civ. P. 26(a)(1)(A)(iii), "[t]his obligation applies only with respect to documents" and information "then reasonably available to it," *see* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. Federal Rule of Civil Procedure 26(e)(1)(A) requires that "[a] party who has made" a Rule 26(a)(1) disclosure "supplement or correct [that] disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete." Fed. R. Civ. P. 26(e)(1)(A). The Second Circuit has held that together, these provisions "anticipate[] supplemental disclosures" regarding damages "with ever-greater level of detail as discovery progresses." *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006).

There is no dispute that Alessi disclosed some amount of information, including documents, supporting its claimed damages during discovery. However, this case is on the eve of trial relating *exclusively* to the extent of Alessi's damages. Thus, "[t]he relevant question . . . is whether [Alessi] timely corrected and supplemented its initial disclosure" based on the information now in its possession. *See Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 3:05-cv-01975-VLB, 2016 WL 1178051, at *7 (D. Conn. Mar. 23, 2016). Ultimately, Rule 26(a)(1) and (e)(1)(A) "requires more than providing—without any explanation—undifferentiated financial statements; it requires a '*computation*.'" *See Design Strategy*, 469 F.3d at 295 (emphasis added). This means "comput[ing] in dollars how much [the disclosing party] claims for each category of damages," with supporting analysis. *See In re CIL Ltd.*, Case No. 13-11272-JLG, Adv. Proc. No.

-2-

14-02442-JLG, 2019 WL 1750909, at *9 (Bankr. S.D.N.Y. Apr. 8, 2019) (quoting *Azure LLC v. Figueras Seating U.S.A., Inc.*, No. 12-23670-CV-UNARGO/TORRES, 2014 WL 12512542, at *1 (S.D. Fla. Jan. 10, 2014)) (internal quotations omitted).  Moreover, the Court's own Pretrial Order requires "[a] statement of damages claimed, itemizing each component or element of the damages sought with respect to each claim, including the manner and method used to calculate the claimed damages." (Docket No. 122 at 2).

At this late stage, Alessi's damages disclosure falls short of these standards.  The Pretrial Order does not set forth any numeric or legal "categor[ies] of damages," nor does it provide "computation[s]" thereof or describe any methodologies Alessi intends to use to support its damages calculation. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).  Courts have routinely held that this type of minimal disclosure is inadequate and warrants preclusion of damages evidence at trial pursuant to Federal Rule of Civil Procedure 37(c)(1). *See, e.g.*, *In re CIL Ltd.*, 2019 WL 1750909, at *15; *Richmond v. Gen. Nutrition Centers Inc.*, No. 08 Civ. 3577(PAE)(HBP), 2012 WL 762307, at *5 (S.D.N.Y. Mar. 9, 2012); *Spotnana, Inc. v. Am. Talent Agency, Inc.*, No. 09 Civ. 3698(LAP), 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010).  Furthermore, irrespective of Alessi's obligations under the Federal Rules, its disclosure in no way complies with the express language of the Pretrial Order. *See Coleman v. City of Niagara Falls*, No. 09-CV-157S, 2015 WL 4208602, at *5 (W.D.N.Y. July 10, 2015).

Accordingly, by April 29, 2022, Alessi is hereby ordered to submit an itemized computation of each component of damages it seeks in dollar amounts, accompanied by the manner and methodologies Alessi intends to use to support its calculations at trial.  Failure to do

so may result in preclusion of Alessi's introduction of such evidence at trial.

Dated:   April 22, 2022
         White Plains, New York

                                        **SO ORDERED:**

                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge