UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALESSI EQUIPMENT, INC.,

                              Plaintiff,

    -against-

AMERICAN PILEDRIVING EQUIPMENT, INC.,

                              Defendant.
------------------------------------------------------------X
AMERICAN PILEDRIVING EQUIPMENT, INC.,

                              Counterclaim-Plaintiff,

    -against-

ALESSI EQUIPMENT, INC.,

                              Counterclaim-Defendant.
------------------------------------------------------------X

**ORDER**

18 Civ. 3976 (JCM)

       The Court has reviewed the parties' positions regarding the relevance of Pat Hughes' ("Mr. Hughes") testimony and the propriety of requiring him to appear for trial. (Docket Nos. 162; 163). Mr. Hughes' unique knowledge of the compensation terms to which the parties agreed is highly relevant to the issue of damages. *See* Fed. R. Evid. 401. However, the Court lacks authority to compel Mr. Hughes to testify in-person or by video because, as a resident of Washington, he resides over 100 miles outside of this District—beyond the geographic limitations imposed by Federal Rule of Civil Procedure 45 ("Rule 45") for subpoenas. *See* Fed. R. Civ. P. 45(c); *see also Broumand v. Joseph*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021) (finding that video testimony could not be used to circumvent Rule 45's 100-mile limitation of court's subpoena power); *Ping-Kuo Lin v. Horan Cap. Mgmt., LLC*, No. 14 Civ. 5202(LLS), 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (declining to enforce arbitral subpoena for testimony

-2-

recorded in Maryland, to be used at hearing in New York City).  Therefore, the Court will not require Mr. Hughes to travel from Washington to this District to testify in-person, nor will the Court require him to testify by video if he does not wish to do so.

Nonetheless, if Mr. Hughes consents, he may testify by prerecorded video deposition within the confines of Federal Rules of Civil Procedure 32 and 43 ("Rule 32" and "Rule 43," respectively), which govern the use of depositions in court proceedings for witnesses beyond the 100-mile radius as well as testimony by video. *See* Fed. R. Civ. P. 32(a)(1), (4), 43(a); *see also Barclay v. New York*, 602 F. App'x 7, 13 (2d Cir. 2015) (summary order); Fed. R. Evid. 804(a)(4), (b)(1).  Because the parties waited until the eleventh-hour before trial to notify the Court of this dispute, it is impossible for the Court to accommodate live, remote testimony. Therefore, if Mr. Hughes consents to testifying, the parties must video-tape his testimony in advance of trial and play it for the jury.  If Mr. Hughes does not consent, Alessi Equipment, Inc. ("Alessi") may utilize Mr. Hughes' deposition as his trial testimony, again guided by Rule 32.

If the parties choose the first option, the video-taped testimony must include both direct and cross-examination.  Counsel is to contemporaneously object to the testimony they believe is inadmissible, but the witness should answer all questions.  By three business days before Mr. Hughes' "testimony" before the jury, the parties must submit to the Court a transcript of the video-tape.  The Court will then rule on their objections, and the parties will be responsible for deleting from the video the objected-to questions and answers that the Court sustained.  If the parties choose the second option, they must exchange the portions of Mr. Hughes' deposition that they wish to introduce in advance of trial, and bring complete copies of the transcript to trial.

The parties are directed to meet and confer and jointly advise the Court of their preferred course of action by 2:00 p.m. on June 3, 2022.  If the parties elect to video-tape Mr. Hughes'

-3-

testimony, they must also advise the Court of the date on which they will submit the transcript to the Court, and the date on which they expect to offer the video-tape into evidence.

Dated:   June 2, 2022
         White Plains, New York

                                **SO ORDERED:**

                                _____
                                JUDITH C. McCARTHY
                                United States Magistrate Judge